UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THOMAS FLOWERS,                                         :
                                                        :
      Plaintiff,                                     :
                                                        :         11 CV 6891 (HB)
          - against -                            :
                                                        :         OPINION &
CONSTRUCTION AND GENERAL                                :         ORDER
BUILDING LABORERS LOCAL 79,                             :
                                                        :
      Defendant.                                     :
------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**[1]

      Before the court is a motion to dismiss brought by Defendant Construction and General Building Laborers Local 79 ("Defendant"). The complaint, filed by Pro Se Plaintiff Thomas Flowers ("Plaintiff"), alleges that Defendant discriminated against Plaintiff because of his race and retaliated against him for his participation in an earlier complaint against Defendant. The claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e - 2000e-17 ("Title VII"). Defendant moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff also requests appointment of pro bono counsel to assist in his claims. For the reasons set forth below, Defendant's motion to dismiss is GRANTED and Plaintiff's request for counsel is DENIED.

## I. BACKGROUND

      Plaintiff is an African American man who is a member of Defendant union. On August 17, 2011, Plaintiff filed a charge of racial discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). Compl. 1. On September 16, 2011, the EEOC mailed Plaintiff a Notice of Right to Sue, instructing Plaintiff that he had 90 days to commence his action in federal court.

Plaintiff filed his Complaint on September 28, 2011 with the Court's Pro Se office on a form provided to pro se litigants seeking to sue their employers for discriminatory conduct. *Id.* In it, Plaintiff alleged racial discrimination under Title VII for Defendant's failure to hire him, failure

---

[1] Jason Feingertz, a spring 2012 intern in my Chambers and a second-year law student at Brooklyn Law School, provided substantial assistance in the research and drafting of this opinion.

1

to promote him and for providing unequal terms and conditions of employment. *Id.* at 2. Plaintiff was previously named as a plaintiff in a discrimination complaint filed against Defendant. Summary judgment was entered in favor of Defendant on that complaint in September 2009. *Attenborough v. Constr. & Gen. Bldg. Laborers' Local 79*, 691 F. Supp. 2d 372 (S.D.N.Y. 2009). Plaintiff also alleges that he was retaliated against for being named as a plaintiff in the earlier suit.

## II.  LEGAL STANDARD

According to the Supreme Court's most recent pronouncements, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The requirement that the court accept all factual allegations as true does not apply to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* The court's determination of whether a complaint states a "plausible claim for relief" is a "context-specific task" that requires application of "judicial experience and common sense." *Id.* at 1950.

Complaints brought by pro se plaintiffs "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted). This guidance applies especially when the plaintiff's civil rights are at issue. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). "However, even pro se plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.' " *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555).

In the context of an employment discrimination claim, the Supreme Court has held that a complaint need not allege specific facts that establish a prima facie case of discrimination. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002). Rather, an employment discrimination complaint "must include only a short and plain statement of the claim [that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 512 (internal quotations and citations omitted). Accordingly, to survive a motion to dismiss, a

complaint in a Title VII case need not establish a prima facie case of employment discrimination, but the complaint must be facially plausible. *Morales v. Long Island R.R. Co.,* No. 09 Civ. 8714, 2010 WL 1948606, at *3 (S.D.N.Y. May 14, 2010).

### III. DISCUSSION

**A. Plaintiff's Claims are Likely Time Barred[2]**

As an initial matter, Plaintiff's claims are likely time barred. A charge under Title VII must be filed with the EEOC by the person aggrieved within three hundred days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). If the charge is not timely filed, "a Title VII claim must be dismissed." *Fields v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 301 F. Supp. 2d 259, 262 (S.D.N.Y. 2004). However, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

Plaintiff alleges in his complaint that the unlawful conduct occurred on May 5, 2010, but he did not file his charge with the EEOC until August 18, 2011. Defendant argues that these acts occurred more than 300 days prior to the filing of the charge and are time barred. Although Defendant is likely correct, I review the merits of the case for this Pro Se Plaintiff because "[f]airness, and not excessive technicality, must guide the consideration of Title VII actions." *Fields*, 301 F. Supp. 2d at 262 (internal quotations and citation omitted).[3]

**B. Plaintiff Fails to State a Claim for Racial Discrimination Under Title VII**

Even if his allegations are not time barred, Plaintiff fails to state a claim. To establish a Title VII claim of racial discrimination, Plaintiff "must demonstrate that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) that action occurred under circumstances giving rise to an inference of discriminatory intent." *Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F. Supp. 2d 345, 348 (S.D.N.Y. 2009). "A complaint consisting only of assertions and setting forth no specific

---

[2] Although Plaintiff alleges that the violations against him are "ongoing" the only date mentioned in the complaint is May 5, 2010.

[3] Further, Plaintiff may not have satisfied the requirement of filing a charge with the EEOC at all. The acts complained of in the Complaint apparently took place on May 5, 2010, while those mentioned in the charge he filed with the EEOC are dated July 13, 2011. *See* Def. MTD 5. This suggests that Plaintiff filed a charge with the EEOC on a separate occurrence altogether.

facts upon which a court could find a plausible violation of Title VII must be dismissed for failure to state a claim." *Id.* at 349.

Here, Plaintiff fails to allege a plausible claim of racial discrimination under Title VII. Plaintiff indicates that he sought additional work assignments from Defendant. Compl. 2. However, Plaintiff has failed to describe the adverse employment action he claims to have suffered and the grounds on which his claim rests. Plaintiff's initial complaint mentions that "the out-of-work list is regularly ignored and bypassed" without providing any facts to support this assertion or any facts to show how he was individually affected by this hiring practice. Compl. 3. Additionally, Plaintiff does not provide any facts to suggest that the out-of-work list was bypassed because of racial discrimination. The only facts Plaintiff provides, which were not part of the complaint, assert that one of Defendant's managers gave a job to his girlfriend's father, who happened to be Hispanic. Opp. 3.[4] There is no information about how Plaintiff was involved, or impacted by this Manager's actions, if at all, or to support an inference of racial discrimination.

In *Maisonet*, where a plaintiff alleged that he suffered discrimination because of his Puerto Rican heritage, the court held that the circumstances did not give rise to an inference of discriminatory intent against plaintiff based on his race because there was nothing in the complaint to indicate that any harassment was motivated by discriminatory animus based on plaintiff's race. 640 F. Supp. 2d at 349 (noting that plaintiff's complaint was replete with allegations of harassment against him by other hospital workers, but contained no facts implying the harassment was related to race). The court therefore granted defendant's motion to dismiss. *Id.* at 351. As in *Maisonet*, Plaintiff has not provided any facts to support his allegation of racial discrimination.

Accordingly, because Plaintiff fails to provide any facts from which this Court could find a plausible Title VII violation, his complaint must be dismissed for failure to state a claim.

### C. Plaintiff Fails to State a Claim for Retaliation Under Title VII

Under Title VII, it is unlawful for an employer to discriminate against an employee "because he has opposed any practice made an unlawful employment practice by [the Act], or because he has made a charge, testified, assisted, or participated in any manner in an

---

[4] Plaintiff did not formally oppose this motion to dismiss, but he responded with a letter, including a few documents, which I generously construe as his opposition.

investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To state a claim for retaliation in violation of Title VII, a plaintiff must plead facts that tend to show that: "(1) [he] participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging [him]; and (3) there existed a causal connection between the protected activity and the adverse action." *La Grande v. DeCrescente Distrib. Co., Inc.*, 370 F. App'x 206, 212 (2d Cir. 2010) (citing *Patane v. Clark*, 508 F.3d 106, 115 (2d Cir. 2007)). It is well established that a "plaintiff may prevail on a claim for retaliation even when the underlying conduct complained of was not in fact unlawful so long as he can establish that he possessed a good faith, reasonable belief that the underlying challenged actions of the employer violated [the] law." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (internal quotation marks omitted).

The court in *Delgado v. Triborough Bridge & Tunnel Auth.*, 485 F. Supp. 2d 453, 461 (S.D.N.Y. 2007), granted a motion to dismiss when plaintiff alleged that defendant increased her workload and altered her job responsibilities in retaliation for an earlier complaint, but failed to show a casual connection between these acts and proof of retaliatory animus. Here, with respect to his retaliation claim, Plaintiff alleges that the "pain and suffering [he is] going through is in retaliation" for his prior complaint of discrimination against Defendant. Opp. 2. As in *Delgado*, Plaintiff does not provide any facts describing the casual connection between the retaliation he alleges and his lack of work. Plaintiff's allegations, even when construed liberally, do not substantiate a plausible retaliation claim under Title VII.

### D. Plaintiff's Request for Counsel is Denied

The factors to consider when ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Of these, "[t]he factor which command[s] the most attention [is] the merits." *Id.*

For the reasons stated above, I conclude that Plaintiff's claims are not sufficiently meritorious to warrant the appointment of counsel. Accordingly, Plaintiff's application for appointment of counsel is denied without prejudice to its renewal at such time as the existence of a potentially meritorious claim may be demonstrated.

### E. Leave to Amend is Granted

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be "freely give[n]... when justice so requires." Courts should deny leave to amend when a claim is "clearly frivolous or legally insufficient on its face." *Ruiz v. Suffolk Cnty. Sheriff's Dep't*, No. 03 Civ. 3545, 2008 WL 4516222, at *2 (E.D.N.Y. Oct. 2, 2008) (internal quotation marks and citation omitted). Plaintiff's complaint is not clearly frivolous or legally insufficient; therefore, this Court grants Plaintiff leave to file an amended complaint.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is hereby GRANTED, but leave to amend the Complaint within 30 days to meet the requirements of his claims is granted to Plaintiff. The Clerk of the Court is instructed to close the two open motions and remove them from my docket.

**SO ORDERED**
April 30, 2012
New York, New York

Hon. Harold Baer, Jr
U.S.D.J.